UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

LAUREN RODRIGUEZ,

Plaintiff,

v.

AUDACY SERVICES, LLC,

Defendant.

Case No. 2:26-cv-11793-SB-AYP

ORDER TO SHOW CAUSE RE SUBJECT-MATTER JURISDICTION

Plaintiff Lauren Rodriguez filed the complaint in this employment discrimination case in Los Angeles Superior Court on August 6, 2026. Defendant Audacy Services, LLC, filed a notice of removal on October 8, 2026. Dkt. No. 1.

Federal courts have subject-matter jurisdiction only over matters authorized by the Constitution and Congress. *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994). This Court has a duty to assess whether federal subject-matter jurisdiction exists and may consider the issue sua sponte at any stage of the proceedings. *Allstate Ins. Co. v. Hughes*, 358 F.3d 1089, 1093 (9th Cir. 2004); *see also Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999) (recognizing that "Article III generally requires a federal court to satisfy itself of its jurisdiction over the subject matter before it considers the merits of a case").

A federal district court has original jurisdiction over a civil action when there is complete diversity of citizenship between the parties and the amount in controversy exceeds $75,000. 28 U.S.C. §§ 1331, 1332(a). Complete diversity means that each of the plaintiffs must be a citizen of a different state than each of the defendants. *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 68 (1996). A removing defendant invoking diversity jurisdiction is generally required to "affirmatively allege the actual citizenship of the relevant parties." *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001).

Defendant removed on the basis of diversity. In its notice of removal, Defendant acknowledges that it is a limited liability company but applies the citizenship test for corporations, relying on its state of incorporation (Delaware) and the state of its principal place of business (New York). Dkt. No. 1 at 4. Unlike corporations, the citizenship of a limited liability company is determined by the citizenship of each of its members. *Johnson v. Columbia Props. Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006). Defendant has not identified any of its members or their citizenship.

To meet its burden, Defendant must show that diversity is complete as to all its members (tracing through as many layers as may be necessary). Accordingly, Defendant is ORDERED to show cause, in writing, by no later than October 30, 2026, why the Court has jurisdiction over this case by demonstrating complete diversity of citizenship between the parties. *Failure to timely comply will result in remand*.

Date: October 22, 2026

Stanley Blumenfeld, Jr.
United States District Judge